UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 06-469-GWU


MATTHEW S. FRYER,                                                            PLAINTIFF,


VS.                           **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                              DEFENDANT.


**INTRODUCTION**

Matthew Fryer brought this action to obtain judicial review of an unfavorable

administrative decision on his application for Supplemental Security Income (SSI).

The case is before the Court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.      Is the claimant currently engaged in substantial gainful activity?
        If yes, the claimant is not disabled.  If no, proceed to Step 2.
        See 20 C.F.R. 404.1520(b), 416.920(b).

2.      Does the claimant have any medically determinable physical
        or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
        claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any
        impairment(s) significantly limiting the claimant's physical or
        mental ability to do basic work activities?  If yes, proceed to
        Step 4.  If no, the claimant is not disabled.  See 20 C.F.R.
        404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1)

3

whether objective medical evidence confirms the severity of the alleged
pain arising from the condition; or (2) whether the objectively
established medical condition is of such a severity that it can
reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.

1986).

Another issue concerns the effect of proof that an impairment may be

remedied by treatment.  The Sixth Circuit has held that such an impairment will not

serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health

and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same

result does not follow if the record is devoid of any evidence that the plaintiff would

have regained his residual capacity for work if he had followed his doctor's

instructions to do something or if the instructions were merely recommendations.

Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,

1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before

it, despite the plaintiff's claims that he was unable to afford extensive medical work-

ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir.

1987).  Further, a failure to seek treatment for a period of time may be a factor to be

considered against the plaintiff, Hale v. Secretary of Health and Human Services,

816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

06-469  Fryer

or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency

may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).   Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley  v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Fryer, a 9 year-old elementary school student, suffered from impairments related to a history of an enlarged heart, mitral vale prolapse with regurgitation, eczema, a history of pilonidal cyst and asthma.  (Tr. 14).  Despite the plaintiff's impairments, the ALJ determined that he did not meet, medically equal or functionally equal the requirements of any of the Listing of Impairments Sections.  (Tr. 15).  Therefore, the claimant could not be considered totally disabled.  (Tr. 21).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

Substantial evidence supports the ALJ's findings.  No treating, examining or reviewing source of record indicated that Fryer's condition met or medically equaled the requirements of a Listing.  The plaintiff does not challenge this portion of the

administrative decision.  The only issue raised by the claimant concerns the question of functional equivalence.

In order to "functionally equal" the requirements of a Listing, a claimant must prove that he has an "extreme" limitation of ability in one of six broad areas of functioning known as "domains" or a "marked" limitation of ability in two domains. 20 C.F.R. Section 416.926a(d).  An "extreme" limitation is defined as an impairment which interferes "very seriously with your ability to independently initiate, sustain or complete activities."  20 C.F.R. Section 416.926a(e)(3).  A "marked" limitation is defined as an impairment which "seriously interferes with your ability to independently initiate, sustain or complete activities."   20 C.F.R. Section 416.926a(e)(2).  The six domains are (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) self-care, and (6) health and physical well-being. 20 C.F.R. Section 416.926a(b)(1).

In the present action, the ALJ determined that Fryer's impairments imposed a "marked" limitation in the domain of health and physical well-being.  (Tr. 20-21). The ALJ concluded that the plaintiff had no limitation in the other five domains.  (Tr. 16-20).  The plaintiff argues that the ALJ erred in failing to find that his limitations were not "marked" in the domains of attending and completing tasks and moving about and manipulating objects.  The Court must reject the claimant's arguments.

06-469  Fryer

With regard to the domain of attending and completing tasks, the administrative regulations indicate that among the abilities an adolescent such as Fryer should have include being able to focus one's attention in a variety of situations to follow directions, organizing one's school assignments, being able to change directions and routine without distracting others, and performing transition tasks such as changing clothes after gym class without needing direction from others.  20 C.F.R. Section 926a(h)(2)(iv).  Dr. Thomas Scott (Tr. 196) and Dr. Eva Harris (Tr. 202), the non-examining reviewers, each opined that the claimant was not limited in this area.   Linda Hulsey completed a Teacher's Questionnaire and indicated that the plaintiff had no problems in such areas as paying attention when directly spoken to, sustaining attention during play/sports activities, focusing enough to finish assignments, carrying out single-step instructions, waiting to take turns, changing from one activity to another without being disruptive, organizing his things and school materials, working without distracting others, and working at a reasonable pace and finishing on time.  (Tr. 100).  Only "slight" problems were noted in the areas of refocusing to task when necessary, carrying out multi-task instructions, completing class/homework assignments and completing work accurately without careless mistakes.  (Id.).  The plaintiff's mother, Stephanie Fryer, indicated on the Function Report that her son had no difficulty paying attention and completing tasks.

9

06-469  Fryer

(Tr. 87).  Thus, the plaintiff's problems in this area would not appear to rise to the level of a "marked" limitation.

With regard to the domain of moving about and manipulating objects, the administrative regulations indicate that among the activities an adolescent such as Fryer should be able to perform include using one's motor skills freely and easily to get around one's school, neighborhood or community, being able to participate in physical fitness activities such as running, jumping, throwing or kicking, and performing household activities such as using scissors.  20 C.F.R. Section 416.926a(j)(2)(iv).  Dr. Gordon Borkat, the plaintiff's treating cardiologist, restricted the boy from performing excessively strenuous activities, varsity sports and straining exercises, but otherwise allowed him to engage in physical education classes.  (Tr. 142).  These limitations would not appear to rise to the level of a "marked" limitation. Dr. Thomas Scott (Tr. 197) and Dr. Eva Harris (Tr. 203), the non-examining medical reviewers, each found that the claimant was not limited in this domain.  Hulsey indicated on the Teacher's Questionnaire that Fryer had no problems in the area of moving about and manipulating objects.  (Tr. 102).  The plaintiff's mother noted on the Function Report that he was able to walk, run, throw a ball, ride a bike, jump rope, use roller skates, swim, use scissors, and work video game controls.  (Tr. 84). Therefore, the Court finds that substantial evidence supports this portion of the ALJ's decision.

06-469  Fryer

Fryer also asserts that the ALJ erred in relying upon the opinions of the medical reviewers because their reviews occurred before the evidence relating to his diagnosis of asthma was in the record.  The plaintiff was diagnosed with asthma in April of 2006 (Tr. 225).  The reviewers saw the record in January and May of 2005. However, more severe functional limitations relating to asthma than those already of record were not identified.  Therefore, the Court finds no error.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 15th day of August, 2007.



**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**

11